UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:   Tron Cody Barrett and Lakesha Mitchell Barrett

        Debtors.

)
)
)
)

Bankruptcy Case No.: 25-31956-BFK

Chapter 13

Progressive Universal Insurance Co
Subrogee of Steven Bowles

        Plaintiff,

v.

Thomas Tyree Adkins, Jr.

        Defendant / Cross-Claim
        and Third-Party Plaintiff,

and

J.M.B. Trucking LLC (Inactive Virginia entity automatically cancelled on June 30, 2025 that was wholly owned and/or operated by the Debtors)

        Defendant / Cross-Claim Defendant,

and

Tron Cody Barrett

        Third-Party Defendant (joined per
        Fed Rule Bankr. Procedure 7015),

and

Lakesha Mitchell Barrett

        Third-Party Defendant (joined per
        Fed Rule Bankr. Procedure 7015)

Adversary Proceeding No.:  26-03016-BFK

Civil Action No.: GV25030140-00
(Originally filed in the Henrico County
General District Court, Virginia)

Counsel for Thomas Tyree Adkins, Jr.
Brett Alexander Zwerdling, VBN 39569
Brett Alexander Zwerdling, PLLC
1702 Treboy Avenue
Richmond, VA  23226
(804) 564-4593 Fax (804) 355-1597
brett@icansleepatnight.com

## DEFENDANT'S ANSWER AMENDING COMPLAINT, CROSSCLAIM, AND THIRD-PARTY COMPLAINT

Defendant, Thomas Tyree Adkins, Jr. (the "Filing Defendant"), by counsel, files this Answer to the Complaint, asserts the following Crossclaim against J.M.B. Trucking LLC (Inactive Virginia entity automatically cancelled on June 30, 2025 that was wholly owned and/or operated by the Debtors), and files Third-Party Complaints against Tron Cody Barrett and Lakesha Mitchell Barrett, and states as follows:

### ANSWER

1. NEITHER admit nor deny any liability as a subrogee, but affirmatively ADMIT that to the extent Cross-Claim and Third-Party Plaintiff is adjudged liable to Plaintiff, that said finding of liability (not conceded by Thomas Tyree Adkins, Jr.) is barred, limited, reduced, or subject to allocation and indemnity/contribution by reason of the willful and intentional acts, omissions, and obligations of Cross-Claim and Third-Party Defendants constituting actual fraud, constructive fraud, and false pretenses.

2. Filing Defendant reserves the right to amend this Answer to assert additional defenses as discovery and investigation proceed.

### CROSS-CLAIM AGAINST CO-DEFENDANT J.M.B. TRUCKING LLC

3. The Debtors' Chapter 13 Petition filed on May 16, 2025 does not list J.M.B. Trucking LLC (hereinafter "JMB") in Schedule B as an asset.

4. Debtor's in Petition Form 107 Statement of Financial Affairs number 27 that JMB stopped operating and ended in February 2025.

5. JMB was automatically cancelled by the State Corporation Commission ("SCC") on June 30,

2

2025 due to failure of JMB to pay the annual SCC fees.

6. Thomas Tyree Adkins, Jr. (hereinafter "Cross-Claim Plaintiff" in this Cross-Claim) had an ongoing history of being employed by JMB as a commercial truck driver, said vehicles believed to be wholly owned and insured by JMB.

7. The JMB was believed to be owned and operated by both of the Debtors and he regularly spoke with and was assigned jobs by both and paid by both.

8. Cross-Claim Plaintiff was not informed in any way that JMB stopped operating in February 2025 and, in fact, believed his continued employment was through JMB.

9. JMB failed to maintain vehicle insurance on the vehicles Cross-Claim Plaintiff was driving on JMB's behalf which in reality was on the Debtors' behalf.

10. JMB was purporting to transact business in Virginia when it was not operating as an LLC.

11. JMB and the Debtors represented to Cross-Claim Plaintiff the vehicles he was hired to drive were fully insured and that material misreprentation induced him to decide to continue his employment driving commercial vehicles.

12. Cross-Claim Plaintiff continued to receive jobs to drive commercial vehicles well into March 2025 and JMB and the Debtors continued to represent the vehicles were fully insured when they were not and said representatinos or omissions were willful and intentional.

13. In truth, at the time of said representations JMB was inactive and not conducting legitimate business, lacked the assets, capitalzation, intent to operate, and Debtors were using JMB merely as a shell, conduit, or sham to obtain money, property, services, or advantage from Cross-Claim Plaintiff while avoiding personal responsibility.

14. Debtors used JMB to evade personal obligations, perpetrate fraud, commit injustice, and gain an unfair advantage.

3

15. JMB at all times in March 2025 was the alter ego, alias, stooge, dummy, and mere instrumentality of the Debtors.

16. JMB was inadequately capitalized for the business it purported to conduct.  Cross-Claim Plaintiff is still unpaid for services performed in March 2025.

17. JMB failed to observe basic entity formalities, commingled LLC funds and assets with their own, was used as a sham entity to induce Cross-Claim Plaintiff to continue his "employment" for which Debtors had no intention of paying him for.

18. The above is sufficient for the Court to find JMB was merely an alter-ego of both Debtors and used to perpetrate actual fraud and therefore Cross-Claim Plaintiff has sufficient pierced the LLC's corporate veil thus making the Debtors both jointly and wholly liable for any damages or judgments imposed upon Cross-Claim Plaintiff thus any judgments deemed to be as against Cross-Claim Plaintiff should be instead be imposed upon the Debtors.

WHEREFORE, Cross-Claim Plaintiff demands judgment against JMB insofar as that is possible and only for purposes of piercing the corporate veil to subject the Debtors to be liable for any monetary damages as against Cross-Claim Plaintiff as follows: (a) on the crossclaim counts stated herein; (b) for compensatory damages, contribution, indemnity, setoff, or other appropriate relief; (c) for costs and attorney's fees to the extent permitted by contract, statute, or other applicable law; and (d) for such other and further relief as the Court deems proper.

## THIRD-PARTY COMPLAINT AGAINST
## TRON CODY BARRETT AND LAKESHA MITCHELL BARRETT

19. Cross-Claim Plaintiff incorporates all prior allegations and incorporates them by reference in this Third-Party Complaint.

<u>Actual Fraud, Constructive Fraud, Material Misrepresentations, False Pretenses</u>

20. Based on the Third-Party Defendants' willful and intentional actions and inducements used to deceive Third-Party Plaintiff upon which he relied to drive Debtors' truck which was intentionally not insured; and upon said facts as being proof of actual fraud, constructive fraud, material misrepresentations, false pretenses; Third-Party Plaintiff having been involved in a collision on March 26, 2025 for which he is being sued as a subrogee in this action as well as a nearly identical action, damages for both actions estimated to be $59,739.42 inclusive of court costs and interest which are amounts the Plaintiff's own insurance company awarded them for their injuries and losses;

<u>Willful, Intentional and Bad Faith Omission of Third-Party Plaintiff as a Creditor in this Case</u>

21. At the time of the aforementioned collision in Paragraph 20 ("Collision"), Third-Party Defendants (by their own admission in Form 107) had ceased operating their LLC.  At the time Third-Party Plaintiff was hired to drive for Third-Party Defendants *individually* as the LLC was no longer operating.

22. After the Collision, Third-Party Plaintiff was owed the agreed upon pay for driving jobs completed BEFORE the Collision.

23. Third-Party Plaintiff made numerous requests to be paid in person, by text, phone either by speaking or leaving a voicemail.

24. Third-Party Defendants literally knew they personally and individually owed the Third-Party Plaintiff his pay for jobs completed at their request and as his employer.

25. Upon filing this case, Third-Party Plaintiff was intentionally omitted from the schedules that they endorsed under penalty of perjury.

5

26. Third-Party Plaintiff DOES NOT wish to have this case converted or dismissed, DOES NOT pray for a revocation of Plan confirmation, DOES NOT pray for any relief that would jeopardize this case which is confirmed and viable; Third-Party Plaintiff is a Priority Unsecured creditor and would like to enjoy his claim being paid in full through the confirmed Plan.

27. Third-Party Plaintiff, by counsel, did file a Proof of Claim to that effect after the bar deadline for non-governmental entities, but said filing is excusable neglect in that Third-Party Plaintiff did not know about this case.

28. Counsel for Third-Party Plaintiff hereby states that Third-Party Defendant's bankruptcy counsel was wholly unaware of him being a creditor in any regard and Counsel believes he signed the bankruptcy petition and plan after exercising the required due diligence.  Debtor's counsel has no meaningful role in excluding or having any way to discover the fact that Third-Party Plaintiff was a creditor in this case.

29. Third-Party Plaintiff prays for an award of reasonable attorney's fees and costs incurred in bringing this action, to the extent the court finds bad faith, abuse of process, or other sanctionable conduct, under the court's sanction authority and § 105(a) as against the Debtors / Third-Party Defendants ONLY (not their bankruptcy counsel).

WHEREFORE, the Third-Party Plaintiff prays for judgment against Tron Cody Barrett and Lakesha Mitchell Barrett as follows: (a) on the third-party counts of actual fraud, constructive fraud, material misrepresentations, false pretenses, stated herein which caused extensive or will cause extensive monetary and other damages; (b) for contribution, indemnity, or other derivative relief to the extent the Filing Defendant is found liable on the Complaint; (c) for any direct damages properly recoverable on the pleaded counts; (d) for costs and attorney's fees to the

extent permitted by contract, statute, or other applicable law; and (e) for such other and further relief as the Court deems proper; and (f) loss of employment opportunities as a result of both Complaints; and (g) punitive damages; and (h) a finding that Third-Party Plaintiff's claims be adjudged non-dischargeable pursuant to 11 USC §523; and finally (i) an award of a monetary punitive sanction (reasonable attorney's fees and costs in bringing this action) and non-dischargeability of any and all claims of the Third-Party Plaintiff as against the Debtors.

### DEMAND FOR JUDGMENT

Thomas Tyree Adkins, Jr., the Filing Defendant and Cross-Claim and Third-Party Claim Plaintiff requests entry of judgment jointly as against Tron Cody Barrett and Lakesha Mitchell Barrett in his favor and for the reasons set forth above, on the Complaint, on his Crossclaim, and on his Third-Party Complaint, together with all other relief to which it may be entitled and as prayed for above.

Respectfully Submitted,

Thomas Tyree Adkins, Jr.

/s/ Brett Alexander Zwerdling
Counsel for the Defendant / Removing Defendant

Brett Alexander Zwerdling, VBN 39569
Brett Alexander Zwerdling, PLLC
1702 Treboy Ave
Richmond, VA 23226
(804) 564-4593 Fax (804) 355-1597
brett@icansleepatnight.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026 a true copy of the foregoing was mailed by first class U.S. mail and/or electronically served via CM/ECF upon the U.S. Trustee, the Chapter 13 Trustee, Debtors' Counsel, the Debtors, the Clerk of the Henrico County General District Court, Virginia, and Plaintiff's counsel as listed below.

/s/ Brett Alexander Zwerdling

| | | |
|---|---|---|
| VIA CM/ECF<br>Rudolph C McCollum, Jr<br>McCollum at Law, P.C.<br>422 E Franklin St., Ste 101<br>Richmond, VA 23219-2226<br>Fax: 804-523-3901<br>Email: rudymack@aol.com | FIRST CLASS U.S. MAIL<br>Tron Cody Barrett<br>9537 Kennedy Station Terr.<br>Glen Allen, VA 23060 | FIRST CLASS U.S. MAIL<br>Lakesha Mitchell Barrett<br>9537 Kennedy Station Terr.<br>Glen Allen, VA 23060 |
| VIA CM/ECF<br>Suzanne E. Wade, Chapter 13 Trustee<br>7202 Glen Forest Dr.<br>Suite 202<br>Richmond, VA 23226 | FIRST CLASS U.S. MAIL<br>J.M.B. Trucking LLC (inactive)<br>c/o Lakesha Mitchell Barrett,<br>Registered Agent<br>9537 Kennedy Station Terr<br>Glen Allen, VA 23060 | FIRST CLASS U.S. MAIL<br>Sharon N. Horner, Esquire<br>Plaintiff's Counsel<br>Sharon N. Horner & Associates, PLC<br>6804 Patterson Ave., Suite A<br>Richmond, VA 23226<br>Email: sharon@snhornerlaw.com |
| VIA CM/ECF<br>Office of the US Trustee<br>Region 4 -R<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219 | | |